Matt Adamson
JAMESON BABBITT STITES
 & LOMBARD, P.L.L.C.
801 Second Avenue, Suite 1000
Seattle, Washington 98104
Telephone:  206 292 1994
Facsimile:  206 292 1995

Hon. Marc Barreca
Chapter 7
Hearing Date:  June 20, 2014
Location:  Seattle

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In Re:

Michelle Catherine Merceri,

Debtor(s).

Case Number: 10-23826

RESPONSE TO MOTION IN LIMINE

Motions in Limine were due no later than June 17, 2014.  Dkt. 188.  Debtor's motion was filed on June 19.

Mr. Stern's May 22, 2014 email is not a mediation communication.  The mediation occurred on April 4, 2014 and ended on that date.  Mr. Stern's email admits that he had no basis for bringing this action against Mr. Adamson and his only basis for continuing it is what he contends was "reprehensible and unethical"[1] conduct at the mediation.  See attached Appendix A.

That is not a mediation communication.  His admission is just that – an admission.  If his email reiterated an admission that occurred at the mediation, i.e. something like:  "At the mediation I admitted that I filed a frivolous matter against you, but that was only to try and reach a settlement," then that could be inadmissible.  But admitting he has no basis for his claims, except for what occurred

---

[1] Ironically, the same email claims he believes in "civility."

RESPONSE TO MOTION IN LIMINE - 1
Cause No. 10-23826

JAMESON BABBITT STITES & LOMBARD, P.L.L.C.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1000
SEATTLE, WA 98104
TEL 206 292 1994    FAX 206 292 1995

53393\01000\00760027.DOC.V1 MTA

Case 10-23826-CMA    Doc 233    Filed 06/19/14    Ent. 06/19/14 16:12:13    Pg. 1 of 5

during a mediation the parties attended two months after he brought this matter, is not a mediation communication.[2]

The debtor's motion also includes statements made by Mr. Adamson in prior pleadings that neither he nor Mr. Jones have sought money from the debtor since the quiet title case was filed save for sanctions for frivolous pleadings. Noting that Mr. Adamson and Mr. Jones have threatened and demanded sanctions, is not a waiver of the mediation privilege. And demanding or threatening sanctions is obviously not a violation of Code Section 524. A discharge is not a license to bring frivolous lawsuits in the future.

Finally, whatever Mr. Stern thinks occurred at the mediation – and it remains a mystery to the undersigned - (1) could not, as a matter of law violate Code Section 524 because debtors can always agree to repay a discharged debt under 11 USC 524(f), and (2) statements at mediation cannot be used to establish liability for any claim, existing or in the future, under LBR 9047(b). Thus, even in the worst case scenario – i.e. if Mr. Adamson and Mr. Jones, while being sued for allegedly trying to collect a discharged debt, nonetheless specifically demanded that debtor repay a discharged debt – they cannot be liable for that. It never happened, but would in any event merely be a mediation request for debtor under 11 USC 524(f) to voluntarily agree to repay a debt, and would in any event be protected by LBR 9047(b). Debtor was represented by two lawyers at the mediation and could just say no. That she

---

[2] Moreover, even if disclosing Stern's allegation about the mediation could be a waiver, the party prejudiced by the waiver is Mr. Adamson. Thus, Mr. Adamson would be the only party with the right to disclose what actually happened in order to show it was not "reprehensible and unethical." *See* RCW 7.07.040.

RESPONSE TO MOTION IN LIMINE - 2
Cause No. 10-23826

JAMESON BABBITT STITES & LOMBARD, P.L.L.C.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1000
SEATTLE, WA 98104
TEL 206 292 1994        FAX 206 292 1995

53393\01000\00760027.DOC.V1 MTA

Case 10-23826-CMA    Doc 233    Filed 06/19/14    Ent. 06/19/14 16:12:13    Pg. 2 of 5

instead is now pursuing Mr. Adamson[3] only based on what occurred at that mediation is absurd.

## CONCLUSION

Debtor brought this matter claiming Jones and Adamson were defending the state court case as a pre-text to collect a discharged debt. She claimed Jones was required to just give up his ownership interest in the Hunts Point property. Debtor took the same claim to trial in state court and lost, with the judge ruling that Jones is an owner and has a legitimate interest in remaining on title because he is still liable for the mortgage. (Ex. A-17) That ruling is binding on this Court, and mandates dismissal of this matter, even without Mr. Stern's admission and even without going through an evidentiary hearing.

DATED this 17th day of June, 2014

JAMESON BABBITT STITES
& LOMBARD, P.L.L.C.

By /s/ Matt Adamson
Matt Adamson, WSBA #31731
madamson@jbsl.com
Attorneys for Matt Adamson

/s/ Michael P. Harris
Michael P. Harris
Attorney at Law
WSBA# 13506
Attorney for Shawn Casey Jones

---

[3] Notably, Mr. Adamson is a defendant in this frivolous matter, has served a motion for sanctions on debtor that she has helpfully included in her exhibits (Ex. D-39,40), and is not a creditor of debtor, so he has every right to demand anything and everything from debtor to settle this matter.

RESPONSE TO MOTION IN LIMINE - 3
Cause No. 10-23826

JAMESON BABBITT STITES & LOMBARD, P.L.L.C.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1000
SEATTLE, WA 98104
TEL 206 292 1994    FAX 206 292 1995

53393\01000\00760027.DOC.V1 MTA

Case 10-23826-CMA    Doc 233    Filed 06/19/14    Ent. 06/19/14 16:12:13    Pg. 3 of 5

## CERTIFICATE OF SERVICE

I, Laura Kondo, declare as follows:

1. I am a legal assistant with the law firm of Jameson Babbitt Stites & Lombard, PLLC, over the age of 18 years, a resident of the State of Washington, and not a party to this matter.

2. On June 17, 2014, I caused the foregoing Response to Motion in Limine to be served upon counsel for the Debtor via ECF at the following addresses

Marc Stern and Susan Fullmer
1825 NW 65th St.
Seattle, WA 98117

I declare under penalty of perjury of the laws of the State of Washington and the United States that the foregoing is true and correct.

DATED: June 17, 2014 at Seattle, Washington.


/s/ Laura M. Kondo

RESPONSE TO MOTION IN LIMINE - 4
Cause No. 10-23826

JAMESON BABBITT STITES & LOMBARD, P.L.L.C.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1000
SEATTLE, WA 98104
TEL 206 292 1994    FAX 206 292 1995

53393\01000\00760027.DOC.V1 MTA

Case 10-23826-CMA    Doc 233    Filed 06/19/14    Ent. 06/19/14 16:12:13    Pg. 4 of 5

**Matt T. Adamson**

| | |
|---|---|
| From: | Marc S. Stern [marc@hutzbah.com] |
| Sent: | Thursday, May 22, 2014 2:25 PM |
| To: | Matt T. Adamson |
| Cc: | Susan Fullmer (susan@fullmerlaw.info); 'Michael Harris' |
| Subject: | RE: Merceri |

What we are doing is withdrawing without prejudice the § 524 motion and striking the hearing. Had I known that Mr. Harris was representing Mr. Jones, I would have dealt with him. That is all that I am doing. If we decide to again seek relief against you and/or Mr. Jones, we will start it again from scratch.

At this point I do not see any claims against you that I am willing to sign on to, except for what I personally consider your reprehensible and unethical conduct during the mediation. And, you do know what that is. I know that the mediation rules prohibit disclosure, at least at this point. If I decide that something else needs to be brought against you, I will write you before I start something. This will be a courtesy because I believe in civility.

In the interim, I will have my secretary upload an Order for dismissal without prejudice.

MSS



***************

Marc S. Stern
1825 NW 65th St.
Seattle, WA 98117
206-448-7996

**********

Pursuant to U.S. Treasury Department Circular 230, unless we expressly state otherwise, any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties or (ii) promoting, marketing or recommending to another party any matter(s) addressed herein.

************

Notice- This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. This does not constitute an electronic signature.

App. A.