Marc S. Stern
1825 NW 65th Street
Seattle, WA 98117
(206) 448-7996
marc@hutzbah.com

Hon. Marc Barreca
Chapter 7
Hearing Date:  Friday June 20, 2014
Hearing Time:  9:30 a.m.
Hearing Location:  Seattle Courthouse

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

Michelle Catherine Merceri,

             Debtor.
_____

_____

NO. 10-23826-MLB

**DEBTOR'S MOTION IN LIMINE TO INCLUDE PURPORTED ATTORNEY WORK PRODUCT AND PURPORTED COMMON INTEREST DOCUMENTS**

Debtor Michelle Merceri ("Merceri"), by and through counsel, states:

## 1.  INTRODUCTION AND RELIEF REQUESTED

Merceri seeks to admit e-mail messages between Defendant Matt Adamson ("Adamson") and Rory Livesey, attorney for Trustee Ron Brown, as evidence at the evidentiary hearing in this matter.  Adamson agrees that at least some of the e-mail messages are not work product or common interest because he waived them, but challenges the scope of the waiver.  He has stated he intends to request that the Court review the documents in camera when this motion is argued. Merceri only learned of these e-mails and the purported work product and common interest privileges at midday on Wednesday, June 19, 2014 and continued (unsuccessfully) to negotiate this issue until close of business Wednesday.  Though this motion is unavoidably late, Adamson

MOTION IN LIMINE - 1

SUSAN L. FULLMER
Attorney at Law
1825 NW 65th Street
Seattle, Washington 98117
(206) 567-2757

and Jones are not prejudiced, because the e-mail between the parties stated the basic facts and law supporting Merceri's position stated in this motion *in limine,* and Adamson stated his intention to argue this motion at the beginning of the hearing. *See* Fullmer Decl., Ex. A. Additionally, Jones and Adamson could have provided this information on Friday, June 13, as Adamson stated in a response brief that they were completed weeks ago.

## 2. FACTS

2.1.    On or about February 14, Merceri filed her Motion for Contempt. In it, she alleged that Adamson had "in an attempt to have her bankruptcy dismissed, contacted the trustee's attorney Rory Livesey "Livesey" falsely alleging Merceri ws attempting to "scam" and "defraud" the trustee.[1] Dkt. 164 at 5. Her overall allegation was that Jones and Adamson had tried to get money for the WSDOT proceeds, to which Jones is not entitled, and which was the subject of Adamson's extrajudicial communications. *See generally* Dkt. 164.

2.2.    Adamson filed the response on behalf of himself and Jones, which stated that he contacted Livesey

> to inform the trustee of estate assets that a debtor is hiding, and asking the trustee about those assets.

2.3.    Jones' Response, Dkt. # 170 at 17. Jones' response was supported by Adamson's declaration and its exhibits (*see* Dkt. #170 at 17:9, attached hereto as **Exhibit 1**), which stated that he had contacted Livesey

> to disclose what I believed to be assets of the estate that were not listed on debtor's scheduled and asked for the trustee's position on those assets. This was an attempt to get the trustee's position on assets of the estate that might be available to creditors. It was not an attempt to collect a debt from debtor.

---

[1]  As Adamson and Jones now know, Merceri and her attorneys did not know of the actual successful Fisher litigation until post petition and well after the abandonment motion.

MOTION IN LIMINE - 2

SUSAN L. FULLMER
Attorney at Law
1825 NW 65th Street
Seattle, Washington 98117
(206) 567-2757

Adamson Declaration, Dkt. #171 at 6. Adamson's Exhibit 1 was his January 7, 2014 letter to Livsey, in which he alleged that Merceri and her attorneys, and purported to ask Livesey "whether it would be a violation of the automatic stay to pursue or collect any of those proceeds." Dkt. #171-1, at 4.

 1.1. Immediately after this Court's strong suggestion on March 7, 2014 that the parties mediation the various disputes, Merceri requested and arranged mediation. The parties attended mediation on April 2, 2014. The mediation was not successful.

 1.2. On or about April 23, 2014, Merceri submitted discovery requests to Adamson and Jones.[2]

 1.3. On May 7, 2014, King County Superior Court judge Helen Halpert ordered the parties back to mediation. Fullmer Decl., Ex. C, Clerk's Minutes, pg. 4.

 1.4. In response, Adamson stated that the bankruptcy contempt motion was a barrier to settlement.

 1.5. That afternoon, Debtor's attorney Marc Stern ("Stern") offered to strike the hearing. This Court's order requires both parties agree to continue the hearing. Adamson never responded regarding the motion to strike and resisted all efforts to return to mediation.

 1.6. On May 19, 2014, the Court issued a preliminary order again suggesting the parties return to mediation.[3]

 1.7. On May 22, 2014, believing the parties had agreed to withdraw the motion for contempt, and after a direct question by Adamson, Stern withdrew his discovery requests. He also stated that unless he heard otherwise, he would assume Adamson was withdrawing his discovery request as well.

---

[2] Merceri's attorney asked Adamson via e-mail if Jones' discovery requests should be sent to a different attorney. Adamson replied that they should be sent to Adamson.

[3] Adamson preemptively drafted the preliminary order, and changed the Court's Order to a suggestion, which the judge then signed.

MOTION IN LIMINE - 3

SUSAN L. FULLMER
Attorney at Law
1825 NW 65th Street
Seattle, Washington 98117
(206) 567-2757

1.8.     Adamson then objected to the motion.  In his response and in an attempt to get attorney's fees, Adamson stated that at the time the discovery requests were withdrawn, he had already completed the discovery responses.

1.9.     At the hearing on the matter on June 13, 2014 Merceri withdrew her motion to withdraw the §524 action, and opted to go forward with the evidentiary hearing.

1.10.    That afternoon, Merceri served Adamson and Jones with her discovery requests.

1.11.    On Tuesday, June 17, 2014, the day motions *in limine* were due, Jones and Adamson served Merceri with their discovery requests.  Neither Adamson nor Jones produced any documents, but claimed some kind of privilege for virtually every request.[4]  They did not produce any privilege logs.

1.12.    Specifically with regard to a response regarding Adamson's communications with Rory Livesey, Adamson claimed work product privilege and common interest privilege.

1.13.    After several e-mail exchanges, on Wednesday afternoon June 18, 2014, Adamson finally provided a privilege log for the communications with Rory Livesey, attorney for Trustee Ron Brown.  Fullmer Decl., Ex. B, reproduced here in chronological order:

| Document | Parties | Nature/Subject Matter |
|---|---|---|
| December 7, 9, 12, 2013 & January 3, 2014 | Rory Livesey and Matt Adamson | WSDOT claim and whether trustee can pursue revocation of abandonment of Hunts Point property with attached case law and WSDOT letters |
| January 15, 2014 | Rory Livesey and Matt Adamson | WSDOT claim as collateral for loan |
| March 8, 2014 | Rory Livesey and Matt Adamson | Whether WSDOT claim runs with the land with case law |
| March 11, 2014 | Rory Livesey and Matt Adamson | Identity of loan servicer |
| April 3, 2014 | Rory Livesey and Matt Adamson | Statute of limitations for WSDOT Claim |
| April 14, 2014 | Rory Livesey and Matt | Common Interest Privilege |

---

[4]  Adamson stated he had some documents available for inspection and copying.  When Ms. Fullmer stated she wanted to do so, Adamson then e-mailed a total of 12 pages of documents.

MOTION IN LIMINE - 4

SUSAN L. FULLMER
Attorney at Law
1825 NW 65th Street
Seattle, Washington 98117
(206) 567-2757

| | Adamson | |
|---|---|---|
| April 23, 2014 | Rory Livesey and Matt Adamson | Opposition to Merceri Motion re WSDOT claim with attached case law |
| May 5, 2014 emails | Rory Livesey and Matt Adamson | Adversary Proceeding Against Merceri et al re WSDOT |

1.14.   Adamson agrees that he and Jones waived the privilege, but he believes the scope of the waiver will be contested.

## ISSUES

1.   Did Adamson and Jones waive the work product and common interest privileges when they filed the January 7, 2014 letter to Livesey?

2.   Are Adamson and Jones precluded from asserting a common interest privilege when Jones has no equity interest in the subject property and has not filed a proof of claim?

3.   Are Adamson and Jones precluded from asserting the work product privilege when Adamson's communication with Jones was not part of his representation of Jones?

## ARGUMENT

**1.   Adamson and Jones waived the work product and common interest privileges when they filed the January 7, 2014 letter to Livesey.**

FRE 502 provides that a waiver of work-product applies:

a) When the disclosure is made in a federal proceeding or to a federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if:

(1) the waiver is intentional;

(2) the disclosed and undisclosed communications or information concern the same subject matter; and

(3) they ought in fairness to be considered together.

MOTION IN LIMINE - 5

SUSAN L. FULLMER
Attorney at Law
1825 NW 65th Street
Seattle, Washington 98117
(206) 567-2757

*See also In re Circle K Corp.*, 199 B.R. 92, 100 (Bankr.S.D.N.Y.1996) ("The holder of the work product privilege waives it only by voluntarily disclosing it in such a manner that it is likely to be revealed to its adversary.") There is no question that the waiver was intentional and that it revaled it to Merceri. Jones and Adamson filed the January 7 letter via ECF in this Court in this proceeding. The privilege log shows that the subject of the undisclosed e-mails is the same as the January 7 letter, i.e. hiding assets and the WSDOT proceeds. In fairness to Merceri, they ought to be considered together.

**2.      Jones and Adamson are precluded from asserting a common interest privilege because when Jones has no equity interest in the subject property and has not filed a proof of claim.**

The Ninth Circuit has long recognized that the joint defense privilege is "an extension of the attorney-client privilege." *United States v. Henke*, 222 F.3d 633, 637 (9th Cir.2000); *see also United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir.1989) ('[t]he common interest privilege "serves to protect the confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel." ) The privilege is also referred to as the "common interest" privilege or doctrine, and it applies whether the jointly interested persons are defendants or plaintiffs. *In re Grand Jury Subpoenas*, 902 F.2d 244, 249 (4th Cir.1990).

But Jones and the Trustee can not have a common interest. Jones agreed (finally) at trial in the quiet title proceeding and that court found that the parties never intended for him to have an equity interest in the subject Property, i.e. one that entitled him to equity or proceeds. This negates any argument that Jones is entitled to the WSDOT proceeds.[5]

---

[5] Jones may continue to allege that his goal was to ensure Merceri and her attorneys do not "convert" the lender's proceeds, and they get their due, but Adamson does not represent the lender, and their proposition is contradicted by the deed of trust itself.

MOTION IN LIMINE - 6

SUSAN L. FULLMER
Attorney at Law
1825 NW 65th Street
Seattle, Washington 98117
(206) 567-2757

Further, neither Adamson nor Jones has alleged that the communications between Adamson and Livesey were statements Jones made to Adamson. *See United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir.2010) (party asserting the attorney-client privilege has the burden of establishing the existence of the relationship and the privileged nature of the communication). Further, pursuant to the privilege log, Jones and Livesey apparently did not discuss a comment interest until April 14, 2014. Jones and Adamson cannot belatedly invoke a privilege to hide their communications with Livesey.

Adamson and Jones waived the common interest privilege by filing the January 7 letter to Livesey with this Court. Livesey, who receives ECF notifications of filings, failed to object, and thus also waived the common interest privilege. *See United States v. BDO Seidman*, LLP, 492 F.3d 806, 817 (7th Cir.2007) (The " privileged status of communications falling within the common interest doctrine can be waived with the consent of all of the parties"); *John Morrell & Co. v. Local Union 304A*, 913 F.2d 544, 556 (8th Cir.1990).

Pursuant to FRE 502, Merceri is entitled to undisclosed communications with the same subject matter, i.e. the e-mails between Adamson and Livesey.

**3.  Adamson and Jones are precluded from asserting the work product privilege because Adamson's communication with Jones was not part of his representation of Jones in the quiet title action.**

Discovery in bankruptcy adversary proceedings is governed by the Federal Rules of Civil Procedure. See FED.R.BANKR.P. 7026-7037. Applicable to this controversy is Federal Rule of Civil Procedure 26(b)(1), which provides:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible

MOTION IN LIMINE - 7

SUSAN L. FULLMER
Attorney at Law
1825 NW 65th Street
Seattle, Washington 98117
(206) 567-2757

at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence

FED.R.CIV.P. 26(b)(1). Thus, the general rule is that litigants are entitled to discover information that "appears reasonably calculated to lead to the discovery of admissible evidence." Id. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." FED.R.EVID. P. 26(b)(3)(A). Stated another way, materials produced in the ordinary course of business are not protected work product. *Equity Residential v. Kendall Risk Mgmt., Inc*., 246 F.R.D. 557, 564 (N.D.Ill.2007). Thus, a party asserting the privilege must establish work-product protection, *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc., 152 F.R.D. 132, 137 (N.D.Ill.1993).*

Adamson's February 28 declaration clearly states his purpose in contacting Livesey: to report that Merceri and her attorneys were allegedly hiding assets. Adamson does not represent Jones in the bankruptcy. Jones is not a creditor, so he would not be a party to any litigation by the Trustee. Jones now asserts he agrees he is entitled to no equity and no proceeds, so the communications were not related to the quiet title action. Jones and Adamson were, at best, fomenters, and the e-mails were in the ordinary course of business. Thus, the communications are not protected by attorney work product.

## CONCLUSION

For the foregoing reasons, Adamson's communications with Livesey are not protected by any privilege and may be admitted as evidence.

Dated this 19th day of June, 2014.

/s/*Susan Lynne Fullmer*
Susan Lynne Fullmer
WSBA #43747
1825 NW 65th Street
Seattle, WA 98117

MOTION IN LIMINE - 8

SUSAN L. FULLMER
Attorney at Law
1825 NW 65th Street
Seattle, Washington 98117
(206) 567-2757